UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONTELLO, INC., ALLEN J. JOHNSON, and LEO A. WOOLDRIDGE, )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09-CV-0187-CVE-TLW |
| ) | |
| THE TRAVELERS INDEMNITY COMPANY, )<br>)<br>)<br>) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Opening Motion and Brief in Support of Request to Reconsider Court's Order Terminating The Travelers Insurance Company as a Named Defendant (Dkt. # 31). Plaintiffs ask the Court reconsider its order (Dkt. # 18) terminating The Travelers Insurance Company as a party to this case.

On March 16, 2009, plaintiffs filed a complaint in state court alleging claims of breach of contract and bad faith against The Travelers Insurance Company and The Travelers Indemnity Company. Dkt. # 2-3. Defendants filed a corporate disclosure statement (Dkt. # 12) stating that The Travelers Insurance Company does not exist as a legal entity, and any insurance policies formerly issued by that company are now held by The Travelers Indemnity Company. Based on defendants' representation, the Court dismissed The Travelers Insurance Company as a party, and directed the parties to correct the case caption on all future filings to reflect that the proper defendant is The Travelers Indemnity Company. Dkt. # 18. Plaintiffs asks the Court to reconsider this Order and allow them to proceed with their claims against The Travelers Insurance Company.

The Court treats plaintiffs' motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Plaintiffs' motion does not address the appropriate standard of review for their motion to reconsider, but their motion implies the Court should reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiffs' motion under the standards applicable to Rule 59(e) motions.

Plaintiffs state that they entered a settlement agreement with The Travelers Insurance Company in 1992, and has subsequently received correspondence from The Travelers Insurance Company. Dkt. # 31, at 3. Plaintiff have constructed a "corporate trail" in an attempt to establish The Travelers Insurance Company is now doing business as Metlife Insurance Company of Connecticut. Defendant has submitted the affidavits of Linda M. Kolios and Irene White to support its assertion that The Travelers Insurance Company is no longer a legal entity and is not a proper party in this case. Kolios states that The Travelers Indemnity Company is a wholly-owned subsidiary of the Travelers Insurance Group Holdings, Inc., which is a wholly-owned subsidiary of Travelers Property Casualty Corp., which is a wholly-owned subsidiary of the The Travelers

Companies, Inc. Dkt. # 32, Ex. A, at 1. Although The Travelers Insurance Company has changed its name to Metlife Insurance Company of Connecticut, this entity is not structurally affiliated with The Travelers Companies, Inc. Id. at 2. White states that any reference to The Travelers Insurance Company in recent correspondence with plaintiffs was an oversight. Id., Ex. B, at 1-2. Both Kolios and White state that The Travelers Indemnity Company is liable for matters arising under the settlement agreement. Id., Ex. A, at 2.; Id., Ex. B, at 1. Based on the affidavits of Kolios and White, it is clear that the Travelers Indemnity Company is the proper defendant and plaintiffs will be able to collect a judgment from this party should they prevail on either of their claims. Even if The Travelers Insurance Company is operating under a different name, plaintiffs have not shown that this entity should be a party in this case and their motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Opening Motion and Brief in Support of Request to Reconsider Court's Order Terminating The Travelers Insurance Company as a Named Defendant (Dkt. # 31) is **denied**.

**DATED** this 8th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT