UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MONTELLO, INC., ALLEN J. JOHNSON,      )
and LEO A. WOOLDRIDGE,                 )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )      Case No. 09-CV-0187-CVE-TLW
                                       )
THE TRAVELERS  INDEMNITY               )
COMPANY,                               )
                                       )
            Defendant.                 )

## OPINION AND ORDER

Now before the Court is Plaintiff's [sic] Motion Seeking Leave to Amend Complaint to Add

Defendant Metlife Insurance Company of Connecticut (Dkt. # 38).  Plaintiffs request leave to add

Metlife Insurance Company of Connecticut (Metlife) as a party.  Defendant The Travelers Indemnity

Company (Travelers) opposes plaintiffs' motion, and states that plaintiff can obtain complete relief

without joining a new party.[1]

On March 16, 2009, plaintiffs filed this case in the District Court of Tulsa County, Oklahoma

against Travelers and The Travelers Insurance Company.  Plaintiffs allege that defendants entered

a settlement agreement with plaintiffs in 1992 to resolve plaintiff's claims of breach of contract and

bad faith arising under an insurance policy.  Dkt. # 2-3, at 4.  In the settlement agreement,

defendants allegedly agreed to defend Montello, Inc. (Montello) from claims brought by third parties

for injuries caused by Montello's use of asbestos.  Plaintiffs allege that defendants have breached

the settlement agreement and acted in bad faith by refusing to reimburse Montello for all legal

---

[1]      Plaintiffs submitted a proposed order representing that "no objection has been timely filed
         by Defendant."  This clearly misstates the record and defendant does object to plaintiffs'
         motion.

expenses incurred by Montello's counsel. Id. at 5-7.  On April 6, 2009, defendants removed the case

to this Court.  Defendants submitted a corporate disclosure statement stating that:

> Plaintiff's [sic] Complaint names "The Travelers Insurance Company" as a
> defendant; however, no entity exists by that name.  Any liabilities for any alleged
> insurance policies or the settlement agreement at issue in this matter are now held by
> The Travelers Indemnity Company.

Dkt. # 12, at 1 n.1.  Based on defendants' representation, the Court dismissed The Travelers

Insurance Company as a party. Dkt. # 18.  Plaintiffs filed a motion to reconsider (Dkt. # 31) stating

that The Travelers Insurance Company is now known as Metlife, and asked the Court to reinstate

The Travelers Insurance Company as a party.  The Court denied plaintiffs' motion to reconsider

(Dkt.  36), but entered an order (Dkt. # 37) clarifying that plaintiffs could file a motion to amend to

join Metlife as a party within the deadline set by the scheduling order.  Plaintiffs filed a timely

motion to amend their complaint to add Metlife as a party.  Plaintiffs have also filed a motion for

partial summary judgment (Dkt. # 40) seeking a declaration that Travelers' billing guidelines for

outside counsel violate the Oklahoma Rules of Professional Conduct and do not apply to Montello.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires."

Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379

F.3d 892, 900 (10th Cir. 2004).  "In the absence of any apparent or declared reason-such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

. . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178,

182 (1962).  Leave may also be denied if the amendment would be futile and subject to dismissal

under Rule 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d

848, 859 (10th Cir. 1999).

The Court finds that plaintiffs' motion to amend should be granted.  The Court properly dismissed The Travelers Insurance Company as a party because that entity no longer exists. However, plaintiffs have shown that Metlife is the successor entity to The Travelers Insurance Company, and they believe that this entity may be liable to them under the settlement agreement. It is not clear that plaintiffs need to add Metlife as a party because Travelers has stated several times that it is bound by the settlement agreement and will pay a judgment in this case.  See Dkt. # 12, at 1 n1.; Dkt. # 32, at 1-2; Dkt. # 39, at 1-2.  However, if plaintiffs have conducted a reasonable investigation and can state a nonfrivolous claim against Metlife, Travelers' objection is not a sufficient basis to deny plaintiffs' motion to amend.

The Court notes that plaintiffs have filed a motion for partial summary judgment, but the motion will be moot upon the filing of plaintiffs' amended complaint.  See Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (filing of an amended complaint supersedes the original complaint and renders the original complaint without legal effect); Cassirer v. San Miguel County Bd. of County Comm'rs, 2009 WL 1600679 (D. Colo. June 5, 2009) (mooting pending motion for summary judgment based on ruling that plaintiff would be permitted to file an amended pleading).  Plaintiffs may refile their motion for summary judgment against one or both defendants, and each defendant will be given an additional 18 days to respond if the motion is refiled.  Plaintiffs are also advised that, under LCvR 56.1, they may file only one motion for summary judgment during these proceedings, and filing a motion for summary judgment at this stage of the case may deprive them of the opportunity to file a motion for summary judgment after the close of discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's [sic] Motion Seeking Leave to Amend Complaint to Add Defendant Metlife Insurance Company of Connecticut (Dkt. # 38) is **granted**. Plaintiffs may file an amended complaint adding Metlife as a party no later than **August 17, 2009**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment of Plaintiffs, Montello, Inc., Allen J. Johnson and Leo A. Wooldridge, and Brief in Support (Dkt. # 40) is **moot**.

**DATED** this 10th day of August, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4